IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES MOORE,

       Petitioner,

v.                                                                                  Case No. 5:19cv180
                                                                               (Judge Stamp)

F. ENTZEL,

       Respondent.

## REPORT AND RECOMMENDATION

On May 22, 2019, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On June 10, 2019 Petitioner paid the $5 filing fee. Accordingly, this matter, pending before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2, et seq., is ripe for review.

### I. Conviction and Sentence

On August 14, 2002, following a jury trial in the Superior Court for the District of Columbia, the Petitioner was convicted of premeditated first degree murder and carrying a dangerous weapon. ECF No. 1-1, pp 3-4. On December 4, 2002, Petitioner was sentenced to life.

### II. Claims of Petition

Petitioner brings this case pursuant to § 2241 alleging that he was indicted on June 26, 2001 in the Superior Court for the District of Columbia but there is no record of any jury minutes. Petitioner also alleges he was not present in court on June 26, 2001 nor did he receive the grand jury minutes. Finally, Petitioner alleges that on May 26, 2016, he submitted a FOIA request apparently seeking the grand jury minutes. By

response dated May 12, 2017, Petitioner was advised that a search for records located in the United States Attorney's Office for the District of Columbia revealed no responsive records regarding his request. Id. at 2. For relief, Petitioner is seeking "instant release."

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

### IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

Therefore, prisoners, such as this Petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C.

Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, supra at 1042 (emphasis added.) In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see

also Swain, supra at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, Petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his sentence. His lack of success on two prior collateral attacks on his conviction, does not render his local remedy inadequate or ineffective.[1] See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

## VI. Recommendation

For the reasons stated in this opinion, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it does not demonstrate that

---

[1] Petitioner's criminal docket sheet is available online at eaccess.dccourts.gov. It reflects that after an unsuccessful appeal, Petitioner filed his first 23-110 Motion on June 1, 2007, which was denied on April 15, 2014, appealed to the DC Court of Appeals on July 12, 2014, and denied there on June 16, 2016. Petitioner's second 23-110 Motion was filed on September 19, 2016 and was denied on February 10, 2017. Petitioner filed an appeal with the Court of Appeals on February 23, 2017. The Court of Appeals affirmed the Superior Court on September 21, 2017,

a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of Petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to entertain the same.

Within fourteen (14) days after being served with a copy of this recommendation, Petitioner may file with the Clerk of Court **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of the Report and Recommendation, the Clerk is further **DIRECTED** to terminate the Magistrate Judge

---

and Petitioner's subsequent petition for rehearing en banc was denied on January 10, 2018.

Association with this case.

DATED:   August 26, 2019

                                                  */s James P. Mazzone*
                                                  JAMES P. MAZZONE
                                                  UNITED STATES MAGISTRATE JUDGE